IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DOUGLAS W. THOMPSON,**

                Petitioner,

     v.                                 CASE NO. 05-3358-RDR

**DUKE TERRELL, et al.,**

                Respondents.

**O R D E R**

This matter is before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner, a prisoner at the United States Penitentiary, Leavenworth, Kansas (USPL),[1] alleges the Bureau of Prisons has improperly honored a detainer lodged by the Missouri Board of Probation and Parole based upon a parole violation. Petitioner asks the court to dismiss the detainer.

The court has reviewed the record, including responses to the petition filed by the United States Attorney for the District of Kansas and the Attorney General for the State of Missouri, and enters the following findings and order.

**Background**

---

[1] Petitioner notified the court of a change of address on May 10, 2006 (Doc. 32).

Petitioner commenced this action while serving a twenty-year federal sentence imposed by the United States District Court of the District of Minnesota in April 1989.

Following his escape from a California prison in 1961, petitioner killed a police officer and another person in separate incidents in Missouri. His conviction for the murder of the civilian has been upheld. Thompson v. State, 651 S.W.2d 657 (Mo. App. 1983). He has been tried three times for the murder of the police officer, and the most recent conviction resulted in a January 1985 sentence of life imprisonment. Petitioner was ordered released on parole in 1986. Thompson v. Armontrout, 808 F.2d 28 (8th Cir. 1986). While on parole, he committed the criminal acts which resulted in his current federal sentence.

In September 1988, the Missouri Department of Corrections and Human Resources, Board of Probation and Parole, sent a warrant to the United States Marshals Service in the District of Minnesota to lodge a detainer against the petitioner.

In May 1989, officials at USPL issued a detainer action letter to the Missouri Department of Corrections stating that the detainer had been filed.

Petitioner previously filed a challenge to the parole revocation warrant lodged by Missouri authorities in the federal court in Minnesota. That court denied the petition, and the decision was affirmed by the United States Court of Appeals for

the Eighth Circuit.  Thompson v. Missouri Board of Parole, 929 F.2d 396 (8th Cir. 1991).

In January 2006, approximately three months prior to petitioner's expected release date, USPL notified Missouri authorities of petitioner's scheduled release date and requested information on whether they intended to take custody of the petitioner upon his release.

The present petition identifies the issues in this matter as "whether or not Petitioner is entitled to a discharge from Missouri parole pursuant to state statutes, and the quashing of the parole violation detainer the Missouri Board has lodged against Petitioner, as Petitioner has served more than the required 5 years supervision ...."  (Doc. 1, p. 2.)

Petitioner specifically asserts (1) that the Missouri Board of Probation and Parole (Board) violated ex post facto principles by refusing to follow the law in force at the time of his release on parole, § 558.011(4)(c); (2) the Board acted contrary to its duties by failing to assist in his return to society; (3) the Board's failure to discharge petitioner as mandated by § 558.011(4)(c) comprises an unlawful punishment; (4) the Board's action will unlawfully punish petitioner by prolonging his federal term because his 3-year federal supervision term will not commence until he is released from custody; and (5) the Board unlawfully joined with the Missouri Attorney General to inflict

3

illegal punishment based upon petitioner's earlier success in challenging his state conviction. (Doc. 1, pp. 5-7.)

## Discussion

**Motion for recusal**

As an initial matter, the court considers petitioner's motion for recusal (Doc. 12). Petitioner seeks the recusal of the undersigned on the grounds that the court is biased against the petitioner, hostile toward all prisoners at USPL, and that it has deliberately delayed the processing of this matter.

Recusal by a federal judge "in any proceeding in which ... impartiality might reasonably be questioned" is governed by 28 U.S.C. § 455(a). Section 455(a) requires that a judge make a determination as to whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality. Nichols v. Alley, 71 F.3d 347, 351 (10th Cir. 1995).

Section 455(a), however, "is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993). It is settled that "[t]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987). The decision whether to recuse from a case is committed to the sound

4

discretion of the court. See Weatherhead v. Globe Int'l, Inc., 832 F.2d 1226, 1227 (10th Cir. 1987).

The court has considered petitioner's claims and concludes the allegations he makes are insufficient to warrant recusal. Petitioner's allegations are generalizations and do not reasonably call into question the ability of this court to render an impartial decision in this matter. Accordingly, the motion to recuse is denied.

**Abuse of the writ**

The response filed on behalf of the Missouri Board of Probation and Parole seeks the dismissal of this action, in part, on the ground that this action constitutes an abuse of the writ.

Pursuant to 28 U.S.C. § 2244(a), a court may dismiss a petition filed pursuant to 28 U.S.C. § 2241 where it appears that a federal court has examined the legality of the petitioner's confinement in an earlier application for relief and where no new claim is presented. George v. Perrill, 62 F.3d 333, 334 (10th Cir. 1995). Where a second or successive petition presents a new claim that could have been raised previously, the petition is evaluated under the abuse-of-the-writ doctrine. McCleskey v. Zant, 499 U.S. 467, 483-84 (1991). Only if a petitioner can demonstrate cause and prejudice or a fundamental miscarriage of

justice may such a claim be considered. George, 62 F.3d at 335.

As noted by respondent Thompson of the Missouri Board of Probation and Parole, petitioner previously challenged the Missouri detainer at issue in this case by filing a petition for habeas corpus relief in the District of Minnesota. Thompson v. Missouri Board of Parole, 929 F.2d 396 (8th Cir. 1991). The Eighth Circuit summarized the claims as follows:

> "Thompson asserts that the Missouri detainer was invalid under Mo.Ann.Stat. § 558.011.4 (Vernon Supp. 1991), which he alleged required discharge from parole after five years. Thompson claimed he had served five years parole, counting the two years served in prison from 1984-86 when the state improperly denied him parole. Thompson also requested a temporary restraining order to prevent the United States Attorney from releasing him into the custody of the Missouri Parole Board." 929 F.2d at 398.

The Minnesota federal district court denied the petition, and on appeal, the Eighth Circuit agreed the claims were without merit, except for the claim that petitioner was entitled to parole credit for the two years served when he was denied parole. The court determined that petitioner had served five years on parole and must be given parole discharge consideration.

Petitioner also has filed other, related habeas corpus petitions during his incarceration in Kansas. Notably, in Thompson v. Booker, Case No. 99-3197, this court transferred a habeas corpus action in which petitioner challenged the validity of the detainer lodged by the Missouri Board of Probation and

6

Parole to the United States District Court for the Eastern District of Missouri due to the nature of the claims presented, which the court construed as challenges to the Missouri conviction underlying the petition.  The transferee court dismissed the matter as time-barred; that decision was affirmed by the Eighth Circuit Court of Appeals.  Thompson v. Booker, Case No. 01-1357-CEJ (E.D. Mo. 2002), aff'd, 02-3199 (8th Cir. 2003). In Thompson v. Warden, USP Leavenworth, Case No. 05-3087, this court denied a petition challenging the validity of the state detainer on the ground that such an action must be filed in the district of conviction.  The appeal from that decision was dismissed on January 24, 2006.[2]

This court has examined the petitioner's filings in response to the pleadings filed by both federal and Missouri authorities and finds no basis to allow additional review of the merits.  The claims asserted by the petitioner appear to be essentially the same challenges as those he pursued in the petition filed in the United States District Court for the District of Minnesota and those presented in earlier actions filed in this court, and nothing in the record supports a finding of cause and prejudice or a fundamental miscarriage of justice.  Petitioner continues to assert claims that his Missouri state conviction was unlawful and that action taken by the Missouri Board of Parole in 1985 was

---

[2] Case No. 05-3230 (10th Cir.).

improper and a denial of due process, but it is apparent that these claims have been presented to the federal courts and resolved against the petitioner. This court therefore concludes the present petition may be dismissed as an abuse of the writ.

**Materials related to appeal**

During the pendency of this action, the petitioner has filed two pleadings which appear to contemplate an appeal. On February 21, 2006, he filed a pleading captioned as "Notice of Appeal and Motion for Protective Order" which states that it is to provide "notice that in the event [the] Court denies Petitioner's pending application for writ of habeas corpus, he hereby appeals the ...decision to the United States Court of Appeals...." (Doc. 23, p. 1.) On March 22, 2006, petitioner filed a pleading captioned "Issues for the Appeal" in which he identifies issues for appeal and states that he "will submit any additional grounds after he has read the Court's order denying this petition...." (Doc. 30, p. 1.)

The court directs the petitioner to the provisions of Rule 4(a)(1) of the Federal Rules of Appellate Procedure[3] regarding the time for filing a notice of appeal and advises him that he must comply with the provisions of that rule. In addition, petitioner should submit either a motion for leave to proceed in forma pauperis or the appellate filing fee of $455.00 to the clerk of

---

[3]A copy of that provision is attached.

8

the court within that time.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is dismissed and all relief is denied.

IT IS FURTHER ORDERED petitioner's motion for recusal (Doc. 12) is denied.

IT IS FURTHER ORDERED petitioner's motion for order (Doc. 3), motion for discovery (Doc. 9), motion to amend the petition and for discovery (Doc. 13), motion for judgment on the pleadings (Doc. 20), motion for evidentiary hearing (Doc. 22), motion to strike response and for an extension of time to file a reply (Doc. 25), and respondent Terrell's motion to dismiss (Doc. 31) are denied as moot.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED.**

DATED:  This 1st day of June, 2006, at Topeka, Kansas.


S/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge